# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

ARCHITECTURAL BUSSTRUT
CORPORATION d/b/a busSTRUT,

     Plaintiff,

     vs.

TARGET CORPORATION,

     Defendant.

_____

Civ. Action No. 0:19-CV-00968
DSD-ECW

**DEFENDANT TARGET
CORPORATION'S ANSWER
AND COUNTERCLAIM**

Comes now Target Corporation ("Target"), and as and for its Answer to Architectural Busstrut Corporation d/b/a busSTRUT's ("busSTRUT") Complaint and Counterclaim, states and alleges as follows:

## ANSWER

Target denies each and every allegation, matter, and thing alleged in busSTRUT's Complaint, including the section headings contained therein, unless hereinafter specifically admitted or otherwise qualified.

## INTRODUCTION

1.    Target denies the allegations contained in Paragraph 1 of busSTRUT's Complaint.

2.    Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and Footnote 1 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

3.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

4.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

5.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

6.     Target affirmatively alleges that beginning in 2015 it engaged in negotiations with busSTRUT about the possibility of working with busSTRUT.  To the extent the allegations contained in Paragraph 6 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

7.     Target affirmatively alleges that on or about September 30, 2015, Target and busSTRUT entered into the Target Corporation Supplier Qualification Agreement for Goods and Services (the "SQA") (attached as Exhibit A to busSTRUT's Complaint), affirmatively alleges that on or about November 19, 2015, Target and busSTRUT entered into the Target Corporation Program Agreement for Goods and Services (the "Program Agreement") (attached as Exhibit B to busSTRUT's Complaint), affirmatively alleges that on or about November 11, 2016, Target and busSTRUT entered into Amendment

Number 1 to Program Agreement for Goods and Services ("Amendment No. 1") (attached as Exhibit D to busSTRUT's Complaint), affirmatively alleges that the SQA, the Program Agreement and Amendment No. 1 are hereinafter collectively referred to as the "Agreement", and further affirmatively alleges that the Agreement speaks for itself. To the extent the allegations contained in Paragraph 7 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

8.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7, of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 8 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

9.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 9 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

10.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 10 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative

allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

11.    Target denies the allegations contained Paragraph 11 and Footnote 2 of busSTRUT's Complaint.

12.    The allegations contained in Paragraph 12 of busSTRUT's Complaint appear to be legal contentions or legal conclusions to which no response is required.  To the extent any response is required, however, Target denies the allegations and puts busSTRUT to its burden of proof.

13.    The allegations contained in Paragraph 13 of busSTRUT's Complaint appear to be legal contentions or legal conclusions to which no response is required.  To the extent any response is required, however, Target denies the allegations and puts busSTRUT to its burden of proof.

## PARTIES

14.    Target admits the allegations contained in Paragraph 14 of busSTRUT's Complaint.

15.    Target admits the allegations contained in Paragraph 15 of busSTRUT's Complaint.

## JURISDICTION AND VENUE

16.    Target admits the allegations contained in Paragraph 16 of busSTRUT's Complaint.

17.    Target affirmatively alleges that this Court has personal jurisdiction over it. To the extent the allegations contained in Paragraph 17 of busSTRUT's Complaint are in

any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

18. Target affirmatively alleges venue is proper in this Court pursuant to 28 U.S.C. §1391(b). To the extent the allegations contained in Paragraph 18 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

## FACTUAL BACKGROUND

19. Target admits the allegations contained in Paragraph 19 of busSTRUT's Complaint.

20. Target admits the allegations contained in Paragraph 20 of busSTRUT's Complaint.

21. Target affirmatively alleges that the press releases and statements referenced in Paragraph 21 of busSTRUT's Complaint speak for themselves. To the extent the allegations contained in Paragraph 21 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

22. Target affirmatively alleges that the press releases and statements referenced in Paragraph 22 of busSTRUT's Complaint speak for themselves. To the extent the allegations contained in Paragraph 22 are in any way inconsistent with or

contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

23. Target affirmatively alleges that it has been and is remodeling many of its locations. To the extent the allegations contained in Paragraph 23 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

24. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

25. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

26. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

27. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 and Footnote 3 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

28. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

29.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

30.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 30 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

31.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 31 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

32.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 32 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

33.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 33 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative

allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

34.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 34 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

35.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 35 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

36.     Target affirmatively alleges that the Request for Proposal referenced in Paragraph 36 of busSTRUT's Complaint speaks for itself.[1]  To the extent the allegations contained in Paragraph 36 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

37.     Target affirmatively alleges that the November 2, 2016 email referenced in Paragraph 37 and attached as Exhibit C to busSTRUT's Complaint speaks for itself.  To the extent the allegations contained in Paragraph 37 are in any way inconsistent with or

---

[1] It appears that Paragraph 36 is also supposed to contain Footnote 4.  However, such footnote is not contained in busSTRUT's Complaint.  Despite this, to the extent a response is required, Target denies the allegations contain in Footnote 4 of BusSTRUT's Complaint.

contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its proof.

38.     Target denies the allegations contained in Paragraph 38 of busSTRUT's Complaint.

39.     Target denies the allegations contained in Paragraph 39 of busSTRUT's Complaint.

40.     Target affirmatively alleges that Target and busSTRUT's relationship is governed by the terms of the Agreement, as defined in Paragraph 7 of this Answer.  To the extent the allegations contained in Paragraph 40 are in any way inconsistent with or contrary to the affirmative obligations contained herein, or otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

41.     Target denies the allegations contained in the first sentence of Paragraph 41 of busSTRUT's Complaint.  Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 41 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

42.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 42 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

43. Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 43 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

44. The November 10, 2016 email attached as Exhibit E to busSTRUT's Complaint speaks for itself. To the extent the allegations contained in Paragraph 44 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

45. The November 10, 2016 email attached as Exhibit E to busSTRUT's Complaint speaks for itself. To the extent the allegations contained in Paragraph 45 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

46. The November 11, 2016 email attached as Exhibit F to busSTRUT's Complaint speaks for itself. To the extent the allegations contained in Paragraph 46 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

47. Target denies the allegations contained in Paragraph 47 of busSTRUT's Complaint.

48. Target denies the allegations contained in Paragraph 48 of busSTRUT's Complaint.

49. Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 49 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

50. Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 50 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

51. Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 51 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

52. Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself. To the extent the allegations contained in Paragraph 52 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

53.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 53 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

54.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 54 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

55.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 55 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

56.     Target denies the allegations contained in Paragraph 56 of busSTRUT's Complaint.

57.     Target denies the allegations contained in the first sentence of Paragraph 57 of busSTRUT's Complaint.  Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 57 of busSTRUT's Complaint, and therefore denies the allegations and puts busSTRUT to its burden of proof.

58.     Target denies the allegations in Paragraph 58 of busSTRUT's Complaint.

59.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

60.     With respect to the first and second sentences of Paragraph 60 of Plaintiff's Complaint, Target affirmatively alleges that the "plans" and "schedules" referenced therein speak for themselves.  To the extent the allegations contained in the first and second sentences of Paragraph 60 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.  Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 60 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

61.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 61 of busSTRUT's Complaint and Footnotes 5 and 6, and therefore denies them and puts busSTRUT to its burden of proof.  Target denies the allegations contained in the fourth sentence of Paragraph 61 of busSTRUT's Complaint.

62.     Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 62 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its

burden of proof. Target denies the allegations contained in the fourth sentence of Paragraph 62 of busSTRUT's Complaint.

63.     Target denies the allegations contained in Paragraph 63 of busSTRUT's Complaint.

64.     Target denies the allegations contained in the first sentence of Paragraph 64 and Footnote 7 of busSTRUT's Complaint. Target is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 64 of busSTRUT's Complaint, and therefore denies them and puts busSTRUT to its burden of proof.

65.     The May 1, 2018 email referenced in Paragraph 65 speaks for itself. To the extent the allegations contained in Paragraph 65 and Footnote 8 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

66.     The emails referenced in Paragraph 66 of busSTRUT's Complaint speak for themselves. To the extent the allegations contained in Paragraph 66 are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

67.     Target denies the allegations contained in Paragraph 67 of busSTRUT's Complaint.

68.     Target denies the allegations contained in Paragraph 68 of busSTRUT's Complaint.

69.     Target denies the allegations contained in Paragraph 69 of busSTRUT's Complaint.

## COUNT ONE

70.     Target affirmatively realleges each and every allegation, statement and thing set forth above.

71.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 71 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

72.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 72 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

73.     Target denies the allegations contained in Paragraph 73 of busSTRUT's Complaint.

74.     Target denies the allegations contained in Paragraph 74 of busSTRUT's Complaint.

75.     Target denies the allegations contained in Paragraph 75 of busSTRUT's Complaint.

76.     Target denies the allegations contained in Paragraph 76 of busSTRUT's Complaint.

77.     Target denies the allegations contained in Paragraph 77 of busSTRUT's Complaint.

78.     The allegations contained in Paragraph 78 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

### COUNT TWO

79.     Target affirmatively realleges each and every allegation, statement and thing set forth above.

80.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 80 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

81.     Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 81 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative

allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

82.    Target denies the allegations contained in Paragraph 82 of busSTRUT's Complaint.

83.    The allegations contained in Paragraph 83 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

84.    Target denies the allegations contained in Paragraph 84 of busSTRUT's Complaint.

85.    Target affirmatively alleges that the Agreement, as defined in Paragraph 7 of this Answer, speaks for itself.  To the extent the allegations contained in Paragraph 85 of busSTRUT's Complaint are in any way inconsistent with or contrary to the affirmative allegations contained herein, or are otherwise not addressed herein, Target denies the same and puts busSTRUT to its burden of proof.

86.    Target denies the allegations contained in Paragraph 86 of busSTRUT's Complaint.

87.    Target denies the allegations contained in Paragraph 87 of busSTRUT's Complaint.

88.    Target denies the allegations contained in Paragraph 88 of busSTRUT's Complaint.

89.     Target denies the allegations contained in Paragraph 89 of busSTRUT's Complaint.

90.     Target denies the allegations contained in Paragraph 90 of busSTRUT's Complaint.

91.     Target denies the allegations contained in Paragraph 91 of busSTRUT's Complaint.

92.     The allegations contained in Paragraph 92 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

### COUNT THREE

93.     Target affirmatively realleges each and every allegation, statement and thing set forth above.

94.     The allegations contained in Paragraph 94 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

95.     Target denies the allegations contained in Paragraph 95 of busSTRUT's Complaint.

96.     Target denies the allegations contained in Paragraph 96 of busSTRUT's Complaint.

97. Target denies the allegations contained in Paragraph 97 of busSTRUT's Complaint.

98. Target denies the allegations contained in Paragraph 98 of busSTRUT's Complaint.

99. Target denies the allegations contained in Paragraph 99 of busSTRUT's Complaint.

100. The allegations contained in Paragraph 100 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required. To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

## COUNT FOUR

101. Target affirmatively realleges each and every allegation, statement and thing set forth above.

102. The allegations contained in Paragraph 102 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required. To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

103. Target denies the allegations contained in Paragraph 103 of busSTRUT's Complaint.

104. Target denies the allegations contained in Paragraph 104 of busSTRUT's Complaint.

105.    Target denies the allegations contained in Paragraph 105 of busSTRUT's Complaint.

106.    Target denies the allegations contained in Paragraph 106 of busSTRUT's Complaint.

107.    Target denies the allegations contained in Paragraph 107 of busSTRUT's Complaint.

108.    Target denies the allegations contained in Paragraph 108 of busSTRUT's Complaint.

109.    The allegations contained in Paragraph 109 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

## COUNT FIVE

110.    Target affirmatively realleges each and every allegation, statement and thing set forth above.

111.    The allegations contained in Paragraph 111 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

112.    Target denies the allegations contained in Paragraph 112 of busSTRUT's Complaint.

113.	Target denies the allegations contained in Paragraph 113 of busSTRUT's Complaint.

114.	Target denies the allegations contained in Paragraph 114 of busSTRUT's Complaint.

115.	Target denies the allegations contained in Paragraph 115 of busSTRUT's Complaint.

116.	Target denies the allegations contained in Paragraph 116 of busSTRUT's Complaint.

117.	Target denies the allegations contained in Paragraph 117 of busSTRUT's Complaint.

118.	Target denies the allegations contained in Paragraph 118 of busSTRUT's Complaint.

119.	Target affirmatively realleges each and every allegation, statement and thing set forth above.

120.	Target denies the allegations contained in Paragraph 120 of busSTRUT's Complaint.

121.	The allegations contained in Paragraph 121 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading is required.  To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

122.	The allegations contained in Paragraph 122 of busSTRUT's Complaint appear to be legal contentions and/or legal conclusions to which no responsive pleading

is required. To the extent any response is required, however, Target denies them and puts busSTRUT to its burden of proof.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses in the above-referenced matter, Target hereby states and alleges as follows:

1.      Target affirmatively alleges that busSTRUT's Complaint fails to state a claim upon which relief can be granted.

2.      Target affirmatively states that busSTRUT's Complaint is barred by the clear, unambiguous and express terms of the Agreement, as defined in Paragraph 7 of this Answer.

3.      Target affirmatively states that busSTRUT is estopped from maintaining its Complaint by the clear, unambiguous and express terms of the Agreement, as defined in Paragraph 7 of this Answer.

4.      Target affirmatively states that busSTRUT's Complaint is barred by the equitable doctrines of waiver, estoppel and ratification.

5.      Target affirmatively states that busSTRUT's Complaint is barred because busSTRUT has failed to suffer any damages and/or failed to mitigate its damages, if any.

6.      Target affirmatively states that busSTRUT's Complaint is barred because of busSTRUT's prior and continuing breaches of contract, as more fully described in Target's Counterclaim.

7.     Target affirmatively alleges that busSTRUT's Complaint is barred because Target has at all times acted in good faith.

8.     Target affirmatively alleges that busSTRUT's Complaint is barred by the applicable statute of limitations and/or the limitations period set forth in the Agreement, as defined in Paragraph 7 of this Answer.

9.     Target cannot presently determine all of the affirmative defenses which it is entitled to assert and may later determine that there are additional affirmative defenses which are applicable in this case, including, but not limited to, those defenses enumerated or contemplated by the Federal Rules of Civil Procedure.  Target hereby reserves the right to add any additional affirmative defenses to busSTRUT's Complaint as discovery in this matter proceeds.

## COUNTERCLAIM

Comes now Target Corporation ("Target") and as and for its Counterclaim against Architectural Busstrut Corporation d/b/a busSTRUT ("busSTRUT"), states and alleges as follows:

## PARTIES

1.     Target is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

2.     busSTRUT is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Worthington, Ohio.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Target's Counterclaim pursuant to 28 U.S.C. §1332 and 1367 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the claims are between citizens of different states, and the Counterclaim is so related to the claims raised in busSTRUT's Complaint that they form part of the same case or controversy.   Moreover, busSTRUT has contractually consented to this Court's jurisdiction.

4.     Venue is appropriate in this judicial district under 28 U.S.C. §1391 as Target is located within this judicial district and busSTRUT has waived any objection to venue in this district.

## FACTUAL ALLEGATIONS

5.     On or about September 30, 2015, Target and busSTRUT entered the Target Corporation Supplier Qualification Agreement for Goods and Services (the "SQA").   A true and correct copy of the SQA is attached to busSTRUT's Complaint as Exhibit A and is incorporated herein by reference.

6.     Among other things, the SQA established the terms and conditions for busSTRUT to be qualified to provide non-retail merchandise to Target.

7.     On or about November 19, 2015, Target and busSTRUT entered into the Target Corporation Program Agreement for Goods and Services (the "Program Agreement").   A true and correct copy of the Program Agreement is attached to busSTRUT's Complaint as Exhibit B and is incorporated herein by reference.

8.      Among other things, the Program Agreement established the specific business terms pursuant to which Target could issue orders to busSTRUT for the purchase of certain lighting materials.

9.      Thereafter, on or about November 11, 2016, Target and busSTRUT entered into Amendment Number 1 to Program Agreement for Goods and Services ("Amendment No. 1"), which amended certain terms of the Program Agreement. A true and correct copy of Amendment No. 1 is attached to busSTRUT's Complaint as Exhibit D and is incorporated herein by reference.

10.     The SQA, the Program Agreement, and Amendment No. 1 are hereinafter collectively referred to as the "Agreement."

11.     Pursuant to the Agreement, busSTRUT agreed to charge Target for any goods ordered at the prices specifically set forth in the Agreement, and agreed to transmit all invoices to Target through the Ariba Supplier Network technology platform. Target, in turn, agreed to pay busSTRUT for the goods on the terms set forth in the Agreement.

12.     The Agreement does not provide for, nor does it give busSTRUT the right to charge Target for, any expedited delivery fee or charge.

13.     The Agreement may not be amended except in a writing that each party signs.

14.     Pursuant to the Agreement, busSTRUT agreed that it would reimburse Target for reasonable attorneys' fees and expenses relating in any way to the Agreement, or busSTRUT's failure to perform as required by the Agreement.

15.     busSTRUT breached the Agreement by significantly overcharging Target for goods delivered under the Agreement.   Specifically, busSTRUT breached the Agreement by, among other things, submitting invoices charging Target an expedited cost of $138 per light fixture,[2] when the Agreement specifically set the price at $96.29 per light fixture.  busSTRUT improperly, and in breach of the Agreement, overcharged Target by the amount of $41.71 per light fixture on 38,970 light fixtures, resulting in an overpayment by Target to busSTRUT of $1,625,438.70.  Target did not become aware of busSTRUT's breach of the Agreement until after payment was made on all of the light fixtures.

## COUNT I
## BREACH OF THE AGREEMENT

16.     Target restates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

17.     busSTRUT is bound by the terms of the Agreement and Target has the right to enforce the Agreement.

18.     busSTRUT breached the Agreement by significantly overcharging Target for goods delivered under the Agreement.   Specifically, busSTRUT breached the Agreement by, among other things, submitting invoices charging Target an expedited cost of $138 per light fixture, when the Agreement specifically set the price at $96.29 per light fixture.  busSTRUT improperly, and in breach of the Agreement, overcharged

---

[2] The "light fixture" is defined in the Agreement as "spot Light including fitter @14317 CBCP" with Catalog/Part Number BR-MXH-309-USP12-W.

Target by the amount of $41.71 per light fixture on 38,970 light fixtures, resulting in an overpayment by Target to busSTRUT of $1,625,438.70.

19.     The above-described conduct constitutes a breach of the Agreement by busSTRUT, and as a direct and proximate result of busSTRUT's breach of the Agreement, Target has suffered money damages in an amount in excess of $75,000, to be proven in these proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Target respectfully requests that this Court enter judgment in its favor and against busSTRUT as follows:

1.     Dismissing busSTRUT's Complaint against Target in its entirety, with prejudice and on the merits; and

2.     As to Target's Counterclaim: (a) awarding Target its damages against busSTRUT in an amount in excess of $75,000, the exact amount to be determined in these proceedings; (b) awarding Target reasonable attorneys' fees and costs; and (c) awarding such other and further relief as the Court deems just and equitable under the circumstances.

Dated: May 31, 2019

WINTHROP & WEINSTINE, P.A.

By: *s/Matthew R. McBride*
    Matthew R. McBride, #0261981
    Quin C. Seiler, #0396699

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6400
mmcbride@winthrop.com
qseiler@winthrop.com

**Attorneys for Target Corporation**

17308744v3