UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Architectural Busstrut Corporation *doing business as* busSTRUT,<br><br>    Plaintiff,<br><br>v.<br><br>Target Corporation,<br><br>    Defendant. | Case No. 19-cv-968 (DSD/ECW)<br><br>**STIPULATION TO AMEND THE AMENDED PRETRIAL SCHEDULING ORDER** |

The parties hereby submit the following Stipulation to Amend the February 28, 2020 Amended Pretrial Scheduling Order (Dkt. 41).

1. The Court's Amended Pretrial Scheduling Order (Dkt. 41) affixes, among others, the following deadlines:

   a. The parties must commence fact discovery procedures in time to be completed on or before **May 29, 2020**.

   b. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

      i. Identities by the party with the burden of proof on or before **May 29, 2020**.

      ii. Disclosures by the party with the burden of proof on or before **June 8, 2020**.

      iii.  Rebuttal identities and disclosures on or before **July 8, 2020**.

c. Expert discovery, including depositions, shall be completed by **July 29, 2020**.

d. All non-dispositive motions and supporting documents that relate to fact discovery shall be filed and served on or before **June 12, 2020**.

e. All non-dispositive motions and supporting documents that relate to expert discovery, shall be filed and served on or before August 12, 2020.

f. All dispositive motions shall be served and filed on or before **September 30, 2020**.

g. This case will be ready for a jury trial on or about **February 1, 2021**.

2. While the parties have been diligently and cooperatively pursuing the completion of discovery, the parties' ability to meet the forgoing deadlines has been substantially impacted due to the travel, social distancing and "Shelter in Place" orders (and other similar orders) enacted throughout the country as a result of the COVID-19 pandemic. The discovery that remains to be completed entails substantial travel. The lawyers handling this case and pertinent witnesses who need to be deposed are located in Texas, Ohio and Minnesota. Until the "Shelter in Place" and similar restrictions are lifted, the parties are effectively unable to schedule and complete discovery. Given the COVID-19 pademic, good cause exists under Local Rule 16.3(b) to modify the Amended Pretrial Scheduling Order.

3. Because of the uncertainty surrounding when exactly the COVID-19 pandemic will pass and the related restrictions will be lifted, the parties have agreed to, and respectfully request that the Court grant, a 90-day extension of each of the deadlines stated above such that the new deadlines would be as follows:

   a. The parties must commence fact discovery procedures in time to be completed on or before **August 27, 2020**.

   b. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

      i. Identities by the party with the burden of proof on or before **August 27, 2020**.

      ii. Disclosures by the party with the burden of proof on or before **September 7, 2020**.

      iii. Rebuttal identities and disclosures on or before **October 6, 2020**.

   c. Expert discovery, including depositions, shall be completed by **October 27, 2020**.

   d. All non-dispositive motions and supporting documents that relate to fact discovery shall be filed and served on or before **September 10, 2020**.

   e. All non-dispositive motions and supporting documents that relate to expert discovery, shall be filed and served on or before **November 10, 2020**.

  f. All dispositive motions shall be served and filed on or before **January 8, 2021**.

  g. This case will be ready for a jury trial on or about **May 3, 2021**.

4. While the parties believe that this requested 90-day extension should be sufficient, these are very uncertain times as guidance at both the state and federal level seems to evolve every day. As such, it is possible that the parties may have to make a subsequent request for additional time as events unfold.

Based upon the forgoing, Plaintiff and Defendant, through their undersigned counsel, hereby move that the Court enter an order further amending the Amended Pretrial Scheduling Order to extend the deadlines as set forth herein.

Date: April 14, 2020      KIRKLAND & ELLIS, LLP

            */s/ Jeremy A. Fielding*
            Jeremy A. Fielding (*admitted pro hac vice*)
            Texas State Bar No. 24040895
            Email: Jeremey.fielding@kirkland.com
            John D. Kelley (*admitted pro hac vice*)
            Texas State Bar No. 24090202
            Email: jon.kelly@kirkland.com
            901 Main Street
            Dallas, Texas 75202
            Tel : (214) 972-1755
            Fax : (214) 972-1771

            and

ABBOTT LAW OFFICE

Gregory A. Abbott
Minnesota Reg. No.0209491
gabbot@abbottlaw.us
P.O. Box 24443
Minneapolis, Minnesota 55424
Telephone:   612.217.2440

ATTORNEYS FOR PLAINTIFF
ARCHITECTURAL BUSSTRUT d/b/a
BUSSTRUT

Date:  April 14, 2020                WINTHROP & WEINSTINE, P.A.

 */s/ Matthew R. McBride*
Matthew R. McBride, #0261981
mmcbride@winthrop.com
Quin C. Seiler, #0396699
qseiler@winthrop.com
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6400

ATTORNEYS FOR TARGET
CORPORATION

19027210v1

5