UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARCHITECTURAL BUSSTRUT CORPORATION d/b/a busSTRUT,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 0:19-cv-00968 - DSD-ECW |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Target Corporation ("Target") respectfully submits this Memorandum of Law in Opposition to Plaintiff Architectural busSTRUT Corporation d/b/a busSTRUT's ("busSTRUT") Motion for Leave to File Amended Complaint.

## I.     INTRODUCTION

busSTRUT portrays Target's September 2020 deposition testimony as "newly discovered" evidence that dramatically changes this case and justifies a new claim of fraudulent inducement.  busSTRUT's portrayal is incorrect.  busSTRUT has known for years of the facts that it now incorrectly asserts support a fraudulent inducement claim.  Simply put, instead of uncovering new evidence, busSTRUT has merely come up with a new legal theory – <u>over 600 days after it filed its original Complaint</u>.  Concocting a new legal theory is not grounds for a late amendment.

In any event, busSTRUT was not diligent in its conduct of discovery and its proposed amendment is futile. As such, busSTRUT's motion to amend should be denied.

## II.  PROCEDURAL HISTORY

This lawsuit began on April 8, 2019 when busSTRUT filed its Complaint. Dkt. No. 1. The parties conferred pursuant to Rule 26(f) on July 12, 2019 and filed their joint report proposing a case schedule a week later. Dkt. No. 25. The Court mostly adopted the parties' proposed dates and issued its original Pretrial Scheduling Order on July 25, 2019. Dkt. No. 30. The Court set the deadline for motions to amend the pleadings as October 4, 2019. *Id.* at 4.

Between the date of the Complaint and the October 4, 2019 deadline to amend, busSTRUT did not conduct any discovery or even attempt to conduct any discovery. Declaration of Lisa B. Ellingson ("Ellingson Decl.") at ¶ 2. busSTRUT did not serve any document requests until November 19, 2019. *Id.* at ¶ 3. It did not serve any interrogatories or notice any depositions until February 21, 2020. *Id.* at ¶ 4. It did not take any depositions until March 11, 2020. *Id.* at ¶ 5. In addition, although the original Pretrial Scheduling Order was subsequently amended four times, *see* Dkt. Nos. 41, 45, 48, and 51, busSTRUT never sought to extend the deadline to amend the pleadings. Ellingson Decl. at ¶ 6.

On September 24 and 29, 2020, busSTRUT deposed Target's 30(b)(6) witness Doyle Trankel. *Id.* at ¶ 7. busSTRUT now claims that Mr. Trankel's testimony provides newly discovered evidence that Target fraudulently induced busSTRUT into entering into the parties' contract by representing that the parties' arrangement would be exclusive and would provide busSTRUT with 12 week lead time. Dkt. No. 53-1 at ¶¶ 129-133.

### III. ARGUMENT

Where, like here, a party moves to amend after the court-ordered deadline, the moving party must first satisfy the "good cause" standard set forth in Rule 16(b)(4). In order to show the requisite good cause, the moving party must show that it has been diligent in the conduct of discovery attempting to meet the deadline or that it has "newly-discovered" evidence. *See Borup v. CJS Sols. Grp., LLC,* No. CV 18-1647, 2020 WL 5988496, at *2 (D. Minn. Oct. 9, 2020); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008) (finding no good cause where there were "no newly discovered facts"). busSTRUT has not demonstrated the required diligence in the pursuit of discovery and the facts it relies on in support of its alleged fraud claim are not new. As such, busSTRUT cannot satisfy the requirements of Rule 16 for bringing a motion to amend at this late stage, and its motion for leave to amend should be denied.

In addition, even if busSTRUT were able to show good cause, its motion should nevertheless be denied under Rule 15(a). busSTRUT has not pled the necessary element of reasonable reliance, its proposed amendment is futile, and its motion should therefore be denied on this basis as well.

    **A.    busSTRUT's Motion Should Be Denied Under Rule 16(b)(4) Because It Did Not Conduct Any Discovery Before the October 4, 2019 Deadline to Amend and Therefore Was Not Diligent.**

Courts in this District repeatedly refuse to allow untimely amended complaints arising from information discovered during depositions, when those depositions were not taken until after the deadline to amend has passed. In the *Leftwich* case, for example, the plaintiff sought leave to add claims that he learned about during fact dispositions. *Leftwich,*

3

*trustee of Leftwich v. Cty. of Dakota*, No. CV 18-1144 (JNE/BRT), 2019 WL 1530160, at *4 (D. Minn. Apr. 9, 2019), *aff'd*, No. 18-CV-1144 (JNE/BRT), 2019 WL 2865648 (D. Minn. July 3, 2019). There, the plaintiff "did not seek to take *any* fact depositions until weeks after the deadline for amending the pleadings had expired." *Id*. (emphasis in original). Under those circumstances, the Court found that "even if the depositions resulted in the discovery of new information…this information was available to Plaintiff earlier in the litigation." *Id*. at *5. The Court further noted that "any delay in scheduling fact depositions was self-imposed by Plaintiff" and denied the plaintiff's motion for leave to amend. *Id*. *4.

Here, busSTRUT did not conduct any discovery or take any depositions until after the October 4, 2019 motion deadline, and that lack of diligence is fatal to its motion.[1] busSTRUT did not conduct, or even attempt to conduct, any discovery during the three months between the parties' Rule 26(f) conference[2] and the deadline to amend. Ellingson Decl. at ¶ 2. Instead, busSTRUT waited until over a month after the deadline to amend

---

[1] *See also Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Grp., LLC*, No. CV 07-1359 (ADM/RLE), 2008 WL 11349804, at *4 (D. Minn. Mar. 20, 2008) (denying a motion to amend because even though the plaintiff claimed "that it only learned several critical pieces of information during its depositions," the plaintiff had "failed to diligently pursue discovery and prosecute its action" by waiting until months after the deadline to amend to conduct any depositions); *KRI Investments Ltd. P'ship v. Country Mut. Ins. Co.*, No. CV 12-1583 (DWF/JJK), 2013 WL 12143086, at *1 (D. Minn. Mar. 22, 2013) (denying a motion to amend because even though the defendant claimed "that it learned of new information to support a fraud claim during" depositions, the defendant gave "no reason for why discovery regarding any fraud could not have been completed prior to the motion to amend deadline").

[2] Pursuant to Fed. R. Civ. P. 26(d), busSTRUT could have sought discovery as soon as the parties had their Rule 26(f) conference on July 12, 2019. Fed. R. Civ. P. 26(d)(1).

4

before serving any discovery. *Id*. at ¶¶ 2-4. busSTRUT did not notice any depositions until February 21, 2020 – over seven months after the parties' Rule 26(f) conference – and offers no explanation for its lack of activity during this period. *Id*. at ¶ 4. Moreover, it is important to note that busSTRUT cannot blame COVID-19 for its failure to diligently conduct discovery prior to the October 4, 2019 motion to amend deadline because the COVID-19 related shutdowns did not start until over five months later.

busSTRUT's lack of diligence is evident even in its filing of this motion. It is true that Target agreed to refrain from claiming prejudice for the period between December 8, 2020 (when busSTRUT first proposed its motion to amend) and January 14, 2021 (when the motion was ultimately filed).³ But busSTRUT has no explanation for the two-and-a-half month delay between the Trankel deposition and December 8, 2020. busSTRUT's two-and-a-half month delay is further evidence that it did not act diligently to amend. *See, e.g., E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 654-55 (N.D. Ga. 2008) (finding that the plaintiff was not diligent because it waited for over two months between the deposition when it discovered the new information and the filing of its motion to amend). busSTRUT failed to act diligently and its motion should be denied.

---

³ Rather than focusing on prejudice, Rule 16(b) analyses "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman*, 532 F.3d at 717.

**B.      busSTRUT's Motion Should Also Be Denied Under Rule 16(b)(4) Because The Facts Underlying busSTRUT's Purported Fraudulent Inducement Claim Are Not "Newly-Discovered" – busSTRUT Has Known These Facts for Years.**

busSTRUT claims that it learned for the "for the first time" during Mr. Trankel's deposition that Target never intended to enter into an exclusive agreement. Dkt. No. 56 at 13. It further suggests that it only recently learned that Target never could provide 12 week lead time. *Id.* at 10. busSTRUT's claims are demonstrably false.

Although Mr. Trankel may have inartfully used the term ▉ when answering questions about the parties' negotiations, there is not one shred of evidence in Mr. Trankel's deposition testimony that supports busSTRUT's claim of newly-discovered fraudulent intent – it is all legal argument. In any event, Target never intended or agreed that the parties' contract was "exclusive,"[4] and busSTRUT has been fully aware of Target's position for several years. *See* Dkt. No. 1 at Exs. A-C. In a demand letter sent by busSTRUT's lawyers on April 11, 2018 – almost one full year before it filed its original Complaint – busSTRUT acknowledged that Target understood the parties' contract to be nonexclusive. Ellingson Decl. Ex. A at 1 (April 11, 2018 demand letter) ("First, contrary to Target's agreement that busSTRUT would be its exclusive supplier for constructions until December 31, 2019 and related representations, Target stated it intended to substitute busSTRUT for another to-be-determined supplier for remodeling hundreds of 'P-Fresh'

---

[4]In fact, whether or not the contract is exclusive is going to be the primary issue argued before Judge Doty at the summary judgment stage.

Stores starting in July 2018 (referred to hereafter and among the parties as 'Flight 5 and Beyond')."). Similarly, in correspondence sent by Target dated May 11, 2018 – again almost one full year before busSTRUT commenced this action – Target reminded busSTRUT that "Target never agreed that Supplier would be Target's exclusive supplier of any good or any service." Ellingson Decl. Ex. B at 2. Simply put, busSTRUT did not learn any new facts about Target's intentions during Mr. Trankel's deposition and in fact knew Target's intentions long before the October 4, 2019 deadline to amend.

busSTRUT also cannot show any new facts relating to Target's alleged promise of 12 week lead time.[5] Although busSTRUT includes allegations about 12 week lead time in its proposed Amended Complaint, it does not even purport to identify any "new" testimony from Mr. Trankel about 12 week lead time that would support a fraudulent inducement claim. *See* Dkt. No. 56. Therefore, Mr. Trankel's testimony cannot be considered "new evidence" for a fraud claim relating to 12 week lead time.

Furthermore, busSTRUT has known since at least November 16, 2016 – more than 28 months before it filed its original Complaint –Target never had the ability to provide 12 week lead time. ██████████████████████████████████████████████

██████████████████████████████████████ Ellingson Decl. Ex. C (BUS_0028991). ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[5] Whether or not the contract required Target to provide 12 week lead time will also be an issue argued before Judge Doty at the summary judgment stage.

████████████████████████████████████████████ *Id.* busSTRUT itself produced this email on December 4, 2019. Ellingson Decl. at ¶ 10.

In addition, in response to busSTRUT's document requests, Target produced an internal email dated March 21, 2018 and bates labeled TAR000241. Ellingson Decl. Ex. D. In that email, a Target representative stated, "████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████" *Id*. Target produced this email to busSTRUT almost one full year ago on January 27, 2020, and busSTRUT questioned Target employee Kalen Graham about this document during his deposition on March 11, 2020. Ellingson Decl. at ¶¶ 11-12. Even if Target were contractually required to provide 12 week lead time – it is not – it is indisputable that busSTRUT knew Target could not provide 12 week lead time long before the Trankel deposition, and long before the October 4, 2019 deadline to amend. There is no newly discovered evidence and its motion should be denied.

### C. Finally, busSTRUT's Motion Should Be Denied Under Rule 15(a) Because Its Fraudulent Inducement Claim Fails as a Matter of Law.

An amendment is considered futile under Rule 15(a) if the claim could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g. Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010). In order to properly state a claim for fraud, a party must both meet the particularity requirements set forth in Rule 9(b) and plead the "facts to support a plaintiff's actual and reasonable reliance on a misrepresentation" as required by Minnesota common law. *Ikeri v. Sallie Mae, Inc.*, No. CV 13-1943 (DSD/JSM), 2014 WL 12599634, at *12 (D. Minn. Feb. 5, 2014) (citing *Hoyt Props., Inc.*

...

*v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 320–21 (Minn. 2007)). Even assuming, *arguendo*, that busSTRUT could show Rule 16 good cause, busSTRUT's motion to amend still fails because its proposed fraud claim is futile under Rule 15(a).

In its Amended Complaint, busSTRUT alleges that it relied on Target's representations, but it fails to allege that its reliance was reasonable. *See* Dkt. No. 58 at ¶ 49 ("In short, Target made its false representations with the intention to induce busSTRUT to act in reliance on them. And busSTRUT did so in entering the contract described below."); *id*. at ¶ 132 ("Target's false representations caused busSTRUT to act in reliance thereon…."). busSTRUT cannot satisfy the heightened Rule 9(b) pleading standard with vague allegations or blanket incorporation of its other allegations. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1058 (E.D. Cal. 2009) ("Plaintiff's shotgun incorporation of allegations by reference fails to provide the notice required by Rule 9, and plaintiff's fraud claim is dismissed."). Because busSTRUT has not pled with any particularity that its reliance was reasonable, its fraudulent inducement claim is futile and fails as a matter of law.

## IV. CONCLUSION

In order to show the good cause required by Fed. R. Civ. P. Rule 16(b)(4) to amend at this late stage of the lawsuit, busSTRUT was required to do more than come up with a new legal theory. It was required to show diligence in its conduct of discovery or newly-discovered evidence. Because busSTRUT has shown neither, and its new claim is futile, its motion to amend should be denied.

Dated:  January 21, 2021

WINTHROP & WEINSTINE, P.A.

By: *s/ Lisa B. Ellingson*
    Matthew R. McBride, #0261981
    Quin C. Seiler, #0396699
    Lisa B. Ellingson, #0389458

3500 Capella Tower
225 South Sixth Street
Minneapolis, MN  55402
T: (612) 604-6400 │ F: (612) 604-6800
mmcbride@winthrop.com
qseiler@winthrop.com
lellingson@winthrop.com

Attorneys for Defendant Target Corporation

21074539v7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint was electronically filed this 21st day of January, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing thought the Court's system.

*/s/ Lisa B. Ellingson*
Lisa B. Ellingson