# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ARCHITECTURAL BUSSTRUT<br>CORPORATION d/b/a busSTRUT<br><br>*Plaintiff*,<br><br>v.<br><br>TARGET CORPORATION<br><br>*Defendant*. | Case No. 0:19-cv-00968-DSD-ECW<br><br>Judge David S. Doty<br><br>Magistrate Judge Elizabeth Cowan Wright |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Date: January 27, 2021

**KIRKLAND & ELLIS LLP**

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding (admitted *pro hac vice*)
Texas Bar No. 24040895
Email: jeremy.fielding@kirkland.com
Michael Kalis (admitted *pro hac vice*)
Texas Bar No. 24092606
Email: michael.kalis@kirkland.com
1601 Elm Street
Dallas, Texas 75201
Tel : (214) 972-1755
Fax : (214) 972-1771

**ABBOTT LAW OFFICE**

Gregory A. Abbott
Minnesota Reg. No. 0209491
Email: gabbott@abbottlaw.us
P.O. Box 24443
Minneapolis, Minnesota 55424
Telephone:   (612) 217-2440

ATTORNEYS FOR PLAINTIFF

**ARGUMENT**

Target Corporation's ("Target") unsound interpretation of the Federal Rules of Civil Procedure would create for defrauded plaintiffs—like Architectural busSTRUT Corporation ("busSTRUT")—an awful dilemma: (1) allege fraud upon mere suspicion and suffer dismissal for failure to plead with particularity or (2) lose the opportunity to plead fraud because the truth was uncovered after the expiration of a governing deadline. The Court should reject Target's arguments. Before the relevant deadline, busSTRUT lacked the facts needed to allege fraud despite its diligence, busSTRUT adequately pleaded its new cause of action, and the Rules governing the amendment of pleadings are satisfied.

**I.   Good Cause Exists to Allow the First Amended Complaint.**

Federal Rule of Civil Procedure 16 is satisfied and good cause exists for several reasons: (1) good cause exists based on newly discovered facts alone, without reference to busSTRUT's diligence; (2) good cause exists because busSTRUT was diligent; and (3) good cause exists because of the pleading standards governing fraud claims.

**A.   Good cause exists based on the presence of newly discovered facts alone.**

The Court has discretion to grant busSTRUT's desired amendment without reaching the question of diligence. Target incorrectly claims "there is not one shred of evidence in Mr. Trankel's deposition testimony that supports busSTRUT's claim of newly-discovered fraudulent intent . . . ."[1] Mr. Trankel's deposition, however, speaks for itself:[2]

---

[1]   Def.'s Opp. to Mot. for Leave (Dkt. 60) at 6.
[2]   Trankel Dep. (Dkt. 57) at 232:13–25 (highlighting added).

1



Mr. Trankel's testimony is, of course, factual evidence that supports busSTRUT's new cause of action. The jury should hear Mr. Trankel's testimony—and other relevant evidence—and decide for itself whether Target committed fraud because "it is the policy of the federal courts, as instructed by the Federal Rules, to adhere to the principle that the purpose of pleading is to facilitate a proper decision on the merits."[3] The Court has already observed that this policy also governs Federal Rule of Civil Procedure 16.[4] Thus, the Court may exercise its discretion and find that good cause exists based on the new facts alone, without reaching the issue of diligence.[5] This is because, "while diligence is the primary

---

[3]  *Quantronix, Inc. v. DataTrak Techs., Inc.*, No. CV 07-1799 DWF/AJB, 2008 WL 11463566, at *1 (D. Minn. Jan. 17, 2008) (citing *Upsher-Smith Labs., Inc. v. Mylan Labs., Inc.*, 944 F. Supp. 1411, 1441 (D. Minn. 1996)).

[4]  *See Blue Package Delivery, LLC v. Express Messenger Sys., Inc.*, No. 017CV4329WMWKMM, 2019 WL 1150627, at *2 (D. Minn. Mar. 13, 2019) (concluding, under that case's circumstances, that "failing to adjust the schedule would not serve the goal of securing an adjudication on the merits of this case").

[5]  *See Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) ("Eighth Circuit caselaw reflects the importance of diligence to the good cause analysis, but this caselaw does not go so far as to state that diligence is required for the district court to find good cause.") (citing *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014)).

2

factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order."[6] Given the federal policy favoring adjudication on the merits and Target's admission, the Court should find that good cause exists to allow busSTRUT to assert its fraud claim.

### B. Good cause exists because busSTRUT was diligent.

busSTRUT's circumstances closely resemble those in a previous case wherein the Court granted the plaintiff leave to amend her complaint because she was diligent.[7] In *Webb*, the plaintiff sought to assert a new cause of action alleging a failure to warn about a device's contraindications; the deadline for amendments had passed so she had to satisfy Federal Rules of Civil Procedure 15 and 16.[8] The plaintiff argued she discovered her new cause of action only after deposing an opposing witness.[9] The defendant argued that the Court should not allow the amendment because the plaintiff had "long been aware" of the relevant facts and "reliance on the deposition testimony" supporting the new claims was misplaced.[10] The Court rejected this argument because, before the deposition, the plaintiff "did not have a firm basis for a legal claim that the particular warning regarding [the device] should have been given."[11]

---

[6] *Id.* (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).
[7] *See Webb v. Ethicon Endo-Surgery, Inc.*, No. CV 13-1947 (JRT/JJK), 2015 WL 12819146, at *1 (D. Minn. Apr. 20, 2015).
[8] *See id.* at *1–2.
[9] *Id.* at *3.
[10] *Id.*
[11] *Id.* at *4.

3

The same thing is true here; busSTRUT could not have reasonably obtained earlier discovery revealing Target's fraud. Target makes much of the fact that busSTRUT sought no discovery before the October 4, 2019 amendment deadline,[12] but it neglects to mention that seeking such discovery would not have changed anything. ***First***, Target's document production would not have been completed prior to the deadline anyhow and it would have been foolhardy to depose Mr. Trankel without the benefit of Target's documents. ***Second***, it is likely that even written discovery would not have been completed; for example, Target served interrogatories on August 20, 2019 but the parties agreed that responses were not due before October 3, 2019. ***Third***, the documents that Target produced and Target's written discovery responses are not as strongly indicative of fraud as Mr. Trankel's testimony; even with these documents, absent Mr. Trankel's deposition busSTRUT would not have known of its new cause of action, meaning there is no earlier date "when the diligence clock should have started ticking . . . ."[13] ***Fourth***, part of the reason that discovery was not served before the deadline was because busSTRUT was transitioning between counsel; ministerial complications do not suggest that busSTRUT lacked diligence.[14]

---

[12] *See* Def.'s Opp. to Mot. for Leave (Dkt. 60) at 4.

[13] *Advance Tr. & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co.*, No. 18CV02863DWFECW, 2020 WL 5229677, at *6 (D. Minn. Sept. 2, 2020) ("[I]t is still unclear to the Court which documents ReliaStar thinks should have triggered an earlier investigation, when those documents were actually produced, and how Plaintiffs' response should have or would have differed had they started their investigation earlier . . . .").

[14] Specifically, busSTRUT's lead counsel joined a new firm in September 2019, requiring the transition of files and integration of new lawyers onto busSTRUT's legal team.

4

Furthermore, when Target argues that no new facts have been discovered it conflates the facts that prove Target breached the parties' contract with the facts that prove Target committed fraud. Target claims busSTRUT knew Target's "position" is that Target never "agreed" the parties' contract was exclusive.[15] Target also claims it "explicitly told busSTRUT in an email that it did not have sufficient information to give [twelve] weeks lead time."[16] This evidence shows Target breached the relevant contract via ***failure to perform***. Mr. Trankel's testimony, however, shows that Target ***never intended to perform and desired to induce busSTRUT's behavior***, elements of fraudulent inducement.[17]

Additionally, this Court has previously rejected Target's argument that courts "repeatedly refuse to allow untimely amended complaints arising from information discovered during depositions, when those depositions were not taken until after the deadline to amend has passed."[18] In *Shank*, a defendant opposed a request for leave to amend and asserted Target's exact argument.[19] The Court explained that "the line of cases upon which [the defendant] relies, which [like *Leftwich*, upon which Target relies][20] can

---

[15] Def.'s Opp. to Mot. for Leave (Dkt. 60) at 6.
[16] *Id.* at 7; *accord id.* at 8 (concerning another email outlining Target's breach).
[17] *See Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 368 (Minn. 2009) (outlining elements of fraudulent inducement) (citing *Hoyt Properties, Inc. v. Prod. Res. Group, L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007)).
[18] Def.'s Opp. to Mot. for Leave at 3.
[19] *See Shank*, 329 F.R.D. at 614 ("Carleton contends that Judge Bowbeer's order is contrary to law because 'this Court has repeatedly declined to find good cause under Rule 16 where, as here, discovery occurred after the motion to amend deadline but the movant had the majority of the required information earlier in the litigation.'") (citation omitted).
[20] *See Leftwich, trustee of Leftwich v. Cty. of Dakota*, No. CV 18-1144 (JNE/BRT), 2019 WL 1530160, at *5 (D. Minn. Apr. 9, 2019) (citation simplified) (citing *Aviva Sports,*

5

be traced back to the *Aviva* case [and are] distinguishable."[21]  Such cases addressed "dilatory plaintiffs" that had no explanation for their delay and did "not create a bright-line rule" concerning good cause.[22]  Here, busSTRUT's conduct "does not reflect 'carelessness,' 'neglect,' or a 'litany of lame excuses,' which would justify denying [the] motion to amend."[23]  Target's tertiary cases are distinguishable for similar reasons.[24]

Finally, the "two-and-a-half month delay"[25] after the deposition and before busSTRUT's discussions with Target was reasonable.  During that time, busSTRUT had to: (1) obtain Mr. Trankel's deposition transcript; (2) review Mr. Trankel's deposition transcript; (3) research the new cause of action; (4) discuss strategy with counsel; and (5) draft the proposed First Amended Complaint.  Eighth Circuit courts have found that this is a reasonable amount of time for similar activities.[26]

---

*Inc. v. Fingerhut Direct Mktg., Inc.*, No. CIV. 09-1091 JNE JSM, 2010 WL 4193076, at *6–7 (D. Minn. Oct. 7, 2010)).

[21]  *Shank*, 329 F.R.D. at 614.

[22]  *Id.* at 615.

[23]  *Id.* (quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 582 (D. Minn. 1999)).

[24]  *See Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Grp., LLC*, No. CV 07-1359 (ADM/RLE), 2008 WL 11349804, at *1 (D. Minn. Mar. 20, 2008) (denying a request to amend to allege that individuals bought shares of an insurance company to defraud the plaintiff; the plaintiff "had documents which revealed when the [company] was formed, and when its control and ownership was turned over to [the individuals]" and "documents which revealed who had paid money into the [company]"); *KRI Investments Ltd. P'ship v. Country Mut. Ins. Co.*, No. CV 12-1583 (DWF/JJK), 2013 WL 12143086, at *1 (D. Minn. Mar. 22, 2013) (denying a defendant's request to amend an answer to assert a fraud defense because the defendant "knew that the policy at issue contained a fraud provision from the outset" negating the claim that the deposition revealed undiscoverable information).

[25]  Def.'s Opp. to Mot. for Leave (Dkt. 60) at 5.

[26]  *See, e.g.*, *Advance Tr. & Life Escrow Servs., LTA*, 2020 WL 5229677, at *6 (observing that a May 21, 2020 motion to amend was diligent when filed in response to

6

### C. Good cause exists because of the governing pleading standard for fraud.

This Court has held that a litigant acts properly when it conducts a careful investigation before pleading claims—like fraud—that are governed by the heightened pleading standards found in Federal Rule of Civil Procedure 9(b).[27] This circumspection supports a finding of good cause when the party asks for leave to amend to add a fraud claim.[28] Indeed, Target's suggestion that busSTRUT should have rushed to plead fraud based on the evidence available before Mr. Trankel's deposition "would only encourage litigants to prematurely allege [such claims] on the merest suspicion, or run the risk of having the [claim] blocked as untimely."[29] This Court explained it best when it said:

> [Various] cases recognize that it would be ***manifestly unfair*** to require a party to plead a claim upon first discovering it when that claim is subject to the heightened pleading requirements of Rule 9(b) and the party lacks the information necessary to plead such a claim. Simply because a party knows of *some* facts in support of its claim before the deadline does not mean that a claim subject to the heightened requirements of Rule 9(b) must be asserted at that time.[30]

---

facts discovered on March 26, 2020); *Nestlé Purina Petcare Co. v. The Blue Buffalo Co. Ltd.*, No. 4:14 CV 859 RWS, 2016 WL 4272241, at *2 (E.D. Mo. Aug. 12, 2016) (concluding a party was diligent in seeking leave to amend when it learned of new information during a deposition, "investigated this new information and sought related discovery over the course of the next two months," and notified the Court it would move to amend shortly thereafter).

[27]  *See Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 1155 (D. Minn. 2011) (discussing an inequitable conduct claim under Federal Rule of Civil Procedure 9(b)).

[28]  *See id.*

[29]  *Id.*

[30]  *Id.* (bold emphasis added) (citing *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003)).

7

Consequently, even assuming, *arguendo*, that the evidence Target points to is probative of Target's fraud, this simply means busSTRUT knew of "*some* facts." Nevertheless, busSTRUT did not possess the crucial piece of evidence that actually revealed the new cause of action until after Mr. Trankel's deposition.

In sum, prior to Mr. Trankel's deposition, busSTRUT lacked the information it needed to fully and adequately plead its fraud claim. In the interim, busSTRUT was diligent in seeking discovery and any delay was not due to busSTRUT's lack of assiduousness. The Court should hold that busSTRUT satisfied the good cause standard.

## II.   The Proposed First Amended Complaint Is Not Futile.

Federal Rule of Civil Procedure 15 is satisfied and the Court should allow busSTRUT to file the First Amended Complaint; Target's futility argument is unavailing.

*First*, the proposed First Amended Complaint satisfies Federal Rule of Civil Procedure 9(b) and is not futile because it gives Target appropriate notice of the claims against it.[31] Nevertheless, Target complains that busSTRUT did not write the words "reasonable reliance" in the paragraphs beneath the fraud cause of action and that this is fatal.[32] Recitation of every divisible aspect of the elements of a cause of action is not

---

[31]   *See Asbury Square, L.L.C. v. Amoco Oil Co.*, 218 F.R.D. 183, 194 (S.D. Iowa 2003) ("The purpose of the heightened pleading standard encompassed in Rule 9(b) is to provide the defendant with notice sufficient for the defendant to provide an adequate answer.") (citing *De Wit v. Firstar Corp.*, 879 F. Supp. 947, 989 (N.D. Iowa), *on reconsideration sub nom. DeWit v. Firstar Corp.*, 904 F. Supp. 1476 (N.D. Iowa 1995)).
[32]   *See* Def.'s Opp. to Mot. for Leave (Dkt. 6) at 9.

8

required;[33] even courts occasionally omit reasonable reliance as a necessary element.[34] Instead, busSTRUT need only plead "*specific* facts involving time, place, content, persons involved, and actions taken or omitted, from which the inference may arise" that supports the requisite element.[35] Even a cursory review of the proposed First Amended Complaint reveals this is exactly what busSTRUT did.

***Second***, Target's argument is procedurally improper. Even when plaintiffs do not plead justifiable reliance, courts should not deny a motion to amend.[36] Instead, a "motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses."[37] "The question of whether [busSTRUT] has asserted viable causes of action should be determined on the merits rather than as part of a motion to amend.'"[38] Target's assertion that busSTRUT failed to adequately plead reasonable reliance "can be best considered in the context of a motion to dismiss or motion for summary judgment."[39]

---

[33] *Cf. Johnston v. Hjelmen*, No. A04-1108, 2005 WL 14941, at *2 (Minn. Ct. App. Jan. 4, 2005) (listing ***eleven*** different elements of fraudulent inducement).

[34] *See Dupuis v. GATR of Sauk Rapids, Inc.*, No. A17-1782, 2018 WL 3614320, at *2 (Minn. Ct. App. July 30, 2018) (omitting reasonable or justifiable reliance from its recitation of the ***five*** elements of a fraudulent inducement claim).

[35] *See Asbury Square, L.L.C.*, 218 F.R.D. at 196 (emphasis in original).

[36] *See Ins. Design, LLC v. Fin. Network Inv. Corp.*, No. 8:12CV5, 2012 WL 5392223, at *1 (D. Neb. Nov. 2, 2012) ("Defendants argue that amendment would be futile because reasonable reliance is an element that applies to fraud and negligent misrepresentation claims and the Court previously found that Plaintiffs failed to plead reasonable reliance. The Court will not deny Plaintiff's motion to amend on this basis.").

[37] *Id.* (quoting *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

[38] *Id.* (quoting *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008)).

[39] *Id.*

***Third***, the remedy that Target requests is inappropriate. Rather than refusing to allow the amendment, the appropriate relief would be to order busSTRUT to edit the proposed First Amended Complaint to recite the magic words that Target apparently wants to see included in the paragraphs under the specific cause of action.[40] Target's technical game-playing is the exact type of behavior upon which the Federal Rules frown.[41]

## CONCLUSION

Target should not be allowed to prevent busSTRUT from litigating the merits of a tort claim that busSTRUT had no reason to advance until after the deadline for amendments had passed. Target's arguments are solely intended to hide the metaphorical "smoking gun" of Mr. Trankel's testimony and the cause of action they support away from the factfinder. The Court should grant busSTRUT's motion.

---

[40] *See Asbury Square, L.L.C.*, 218 F.R.D. at 194–95 ("[C]ourts have been reluctant to dismiss completely a claim of fraud for failure to plead with particularity as required by Rule 9(b). Instead, courts have allowed the plaintiffs a second (and sometimes third and fourth) chance to file a pleading that conforms with the requirements of Rule 9(b).") (citations omitted).

[41] *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'") (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

## CERTIFICATE OF COMPLIANCE

I certify that busSTRUT's Reply Memorandum in Support of the Motion for Leave to File a First Amended Complaint complies with Local Rules 7.1(f) and 7.1(h).  In the preparation of this reply memorandum, I used Microsoft Word Version 2016 and this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations.  The word processing program cannot count the words in the pictographic deposition excerpt; that excerpt contains, based on a manual count, 70 words.  I certify that the affirmative supporting memorandum and this reply memorandum cumulatively contain 7852 words, excluding the caption designation, the signature block text, and the certificate of compliance.

/s/ Jeremy A. Fielding
Jeremy A. Fielding

## CERTIFICATE OF SERVICE

I certify that on January 27, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF filing system.

/s/ Jeremy A. Fielding
Jeremy A. Fielding