**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ARCHITECTURAL BUSSTRUT                  Case No. 0:19-cv-00968-DSD-ECW
CORPORATION d/b/a busSTRUT,

       Plaintiff,

vs.

TARGET CORPORATION,

       Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING
LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Target Corporation ("Target") respectfully submits this Memorandum of

Law in Opposition to Plaintiff Architectural busSTRUT Corporation d/b/a busSTRUT's

("busSTRUT") Objections to Magistrate Judge's Order Denying Leave to File First

Amended Complaint.

## I.     INTRODUCTION

The Magistrate Judge correctly found that busSTRUT was not diligent in this case.

busSTRUT conducted no discovery before the deadline to amend the pleadings.

busSTRUT never once sought to extend the deadline to amend the pleadings. And then

even after obtaining purportedly "stunning" testimony giving rise to a new fraud claim,

busSTRUT still delayed over two-a-half months before alerting Target that it would seek

to amend its Complaint.[1]  The Magistrate Judge was well within her discretion to deny busSTRUT's Motion to Amend based on lack of diligence.  Because the Magistrate Judge's well-reasoned and thoughtful decision was neither clearly erroneous nor contrary to law, busSTRUT's Objections should be overruled.

## II.      STANDARD OF REVIEW

"Typically the standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters, such as leave to amend a complaint, is extremely deferential."  *Magee v. Trustees of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013), *aff'd sub nom. Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532 (8th Cir. 2014); *see also MCI Commc'ns Servs., Inc. v. Maverick Cutting & Breaking LLC*, No. CV 17-1117 (JRT/SER), 2018 WL 4562471, at *2–3 (D. Minn. Sept. 24, 2018).  Courts reverse such an order only if it is clearly erroneous or contrary to law.  *Id.*; Fed. R. Civ. P. 72(a); L.R. 72.2(a).  "If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (quotation and citation omitted).

## III.      ARGUMENT

**A.      busSTRUT Did Not Act Diligently in this Case.**

The Magistrate Judge's denial of busSTRUT's Motion to Amend was neither clearly erroneous nor contrary to law.  busSTRUT was required to show good cause in order to

---

[1]busSTRUT's assertion at page 1 of its brief that Target's 30(b)(6) witness "*admitted*" to fraud is false.

bring a new claim over 600 days after it filed its original Complaint and well over a year past the October 4, 2019 deadline to amend the pleadings. Fed. R. Civ. P. 16(b). In order to show Rule 16(b) good cause, busSTRUT needed to show diligence in the conduct of discovery attempting to meet the deadline. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008) (Rule 16(b) analyses "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.")*; Borup v. CJS Sols. Grp.*, LLC, No. CV 18-1647, 2020 WL 5988496, at *2 (D. Minn. Oct. 9, 2020).

### 1.      busSTRUT Did Not Diligently Conduct Discovery.

busSTRUT has not made and cannot make any affirmative showing of diligence. busSTRUT did not conduct any discovery, or even attempt to conduct any discovery, before the October 4, 2019 deadline to amend the pleadings. Dkt. No. 62 at ❡ 2. busSTRUT did not serve any document requests until November 19, 2019. *Id*. at ❡ 3. It did not serve any interrogatories or notice any depositions until February 21, 2020. *Id*. at ❡ 4. It did not take any depositions until March 11, 2020. *Id*. at ❡ 5. It is axiomatic that busSTRUT could not discover any potential new claims without conducting any discovery.

In addition, although the original Pretrial Scheduling Order was amended <u>four times</u>, *see* Dkt. Nos. 41, 45, 48, and 51, busSTRUT never – not once - sought to extend the deadline to amend the pleadings. Accordingly, it is undisputed that busSTRUT took no steps to try to meet the deadline to amend.

Having completely failed to show diligence through any of its own actions in this matter, busSTRUT raised two new arguments for the first time during the motion hearing – this despite the fact that the Magistrate Judge permitted it to file a reply brief. *See* Dkt.

Nos. 56, 68, 75 and 78.  For the first time during oral argument, busSTRUT claimed that it satisfied the diligence requirement: (1) through its actions in a separate California case to which Target was not a party, and (2) because the parties generally stipulated to diligence in support of certain scheduling order extensions.  Dkt. No. 78; *see also* Dkt. No. 75 at 13.

As a preliminary matter, the Court should disregard busSTRUT's new diligence arguments because they were never raised in its opening brief or its reply.  *See Entrust Datacard Corp. v. Atl. Zeiser GmbH*, No. CV 15-4260 (JNE/JSM), 2016 WL 10952822, at *5 (D. Minn. Aug. 4, 2016) ("[T]he Court will not consider plaintiff's arguments raised for the first time at the motion hearing…."); *Twin Cities Galleries, LLC v. Media Arts Grp., Inc.*, 476 F.3d 598, 602 (8th Cir. 2007) ("Because this point was raised for the first time at oral argument, and has not been briefed, it is waived.").

Even if the Court were to consider busSTRUT's new diligence arguments, busSTRUT's Objections still fail.  busSTRUT cannot show diligence ***in this case*** by referencing things it was doing ***in a separate case*** in California where Target was not a party.  *See* Dkt. No. 80 at 3.  In addition, the Magistrate Judge correctly determined that busSTRUT's deliberate delay of discovery based on possible settlement or the California case was a "tactical decision" and correctly cited cases stating that tactical decisions do not constitute good cause.  While busSTRUT clearly disagrees with the Magistrate Judge's determination that its discovery delay was a tactical decision, busSTRUT cannot show clear error.  At most, busSTRUT complains that the Magistrate Judge's cited cases have some factual differences with the case at hand.  That is not enough to show an error of law.  And notably, busSTRUT cites no cases of its own to support its argument that deliberate

4

delays related to a separate matter to which Target was not even a party can satisfy or mitigate the diligence requirement.

busSTRUT also cannot show that the parties' stipulations to extend other deadlines in the Scheduling Order constitute diligence for its very late Motion to Amend.  busSTRUT never once sought to extend the deadline to amend the pleadings, and the parties certainly never stipulated to busSTRUT's diligence related to that deadline.  But now, by taking the parties' stipulations out of context, busSTRUT is trying to achieve the same result as if the parties had agreed to extend the deadline to amend.  busSTRUT should not be allowed to cite to diligence stipulated to for other purposes to unilaterally fashion its own extension.

Moreover, busSTRUT's cited cases provide no support for its claim that an out-of-context stipulation is sufficient to show diligence.  *Lucas R. v. Azar*, No. CV185741DMGPLAX, 2018 WL 7200716 (C.D. Cal. Dec. 27, 2018) makes no mention of stipulations or diligence.  In *Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 3545564 (D. Ariz. June 30, 2020), there was no dispute about the parties' diligence during discovery.  The court simply relied on prior stipulations to determine generally how discovery had progressed prior to the early filing of summary judgment motions. *Id*. at *3.  In *Cont'l Cas. Co. v. Burton*, 795 F.2d 1187 (4th Cir. 1986), the court credited a stipulation in the context for which it was originally offered.  *Id*. at 1194.  These cases are all nonbinding and factually inapposite.  None even suggest that the Magistrate Judge clearly erred or made a decision contrary to law.

In sum, busSTRUT takes the position that, despite having done nothing to meet the deadline to amend in this case, the Magistrate Judge should have found it to be diligent.

busSTRUT's inaction cannot reasonably be construed as diligence, and it was "not contrary to law for the Magistrate Judge to view the party's inaction as failing in diligence." *MCI Commc'ns Servs., Inc.*, 2018 WL 4562471, at \*2–3. The Magistrate Judge did not clearly err in denying busSTRUT's Motion to Amend, and busSTRUT's Objections should be overruled.

### 2.    busSTRUT Did Not Act Diligently in Bringing this Motion to Amend.

In addition to busSTRUT's lack of diligence in discovery, busSTRUT also showed no diligence in bringing this Motion to Amend. busSTRUT deposed Target's 30(b)(6) witness Doyle Trankel on September 24 and 29, 2020. busSTRUT claims that Mr. Trankel's testimony revealed new facts supporting a new fraud claim against Target. But busSTRUT did not notify Target of its intent to amend its Complaint until December 8, 2020. busSTRUT's two-and-a-half month delay between taking Mr. Trankel's testimony and first raising the issue of an amended Complaint shows that it did not act diligently to try to bring its new claim. *See MCI Commc'ns Servs., Inc.*, 2018 WL 4562471, at \*2–3 (affirming a finding of no diligence where the movant waited over a month after receiving the new information to file a motion to amend).

Given busSTRUT's undisputed failure to conduct any discovery before the deadline to amend and its months-long delay in bringing this Motion to Amend, the Magistrate Judge's overall conclusion that busSTRUT was not diligent was not clearly erroneous or contrary to law. Accordingly, busSTRUT's Objections should be overruled. *See also Bombardier Recreational Prod. Inc. v. Arctic Cat Inc.*, No. CV 12-2706 (JRT/LIB), 2017 WL 690186, at \*2 (D. Minn. Feb. 21, 2017) (overruling objections where the "overall

conclusion" was not clearly erroneous or contrary to law, even though there were some errors in the magistrate judge's reasoning).

**B.    The Magistrate Judge Did Not Clearly Err in Denying busSTRUT's Motion to Amend Based on Lack of Diligence.**

The Magistrate Judge properly denied busSTRUT's Motion to Amend based on its lack of diligence.  Diligence is the primary consideration when determining whether there is Rule 16(b) good cause to amend.  *See Sherman*, 532 F.3d at 718*; Borup*, 2020 WL 5988496, at *2.

While busSTRUT argues that its discovery of new evidence alone is sufficient to show good cause, this Court routinely denies motions to amend based on lack of diligence, even where the movant also asserts that there are newly discovered facts.  *See MCI Commc'ns Servs., Inc.*, 2018 WL 4562471, at *2–3 (affirming denial of motion for lack of diligence, even where the movant asserted that new information justified the amendment); *Leftwich trustee of Leftwich v. Cty. of Dakota*, No. CV 18-1144 (JNE/BRT), 2019 WL 1530160, at *4 (D. Minn. Apr. 9, 2019), aff'd, No. 18-CV-1144 (JNE/BRT), 2019 WL 2865648 (D. Minn. July 3, 2019) (denying motion for lack of diligence, even where the movant asserted that new information justified the amendment); *Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Grp., LLC*, No. CV 07-1359 (ADM/RLE), 2008 WL 11349804, at *4 (D. Minn. Mar. 20, 2008) (denying a motion to amend because even though the plaintiff claimed "that it only learned several critical pieces of information during its depositions," the plaintiff had "failed to diligently pursue discovery and prosecute its action"); *KRI Investments Ltd. P'ship v. Country Mut. Ins. Co.*, No. CV 12-

7

1583 (DWF/JJK), 2013 WL 12143086, at *1 (D. Minn. Mar. 22, 2013) (denying a motion to amend for lack of diligence even though the defendant claimed "that it learned of new information to support a fraud claim during" depositions).  The Magistrate Judge did not clearly err in denying busSTRUT's Motion to Amend based on its lack of diligence.

busSTRUT's cited cases do not *require* the Court to consider factors besides diligence to determine good cause.  To the contrary, these cases make it clear that the Court *has discretion* to look to various factors in assessing good cause.  *See, e.g. Portz*, 2017 WL 3332220, at *3 ("[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order.") (quoting *Marmo*, 457 F.3d at 759); *Shank*, 329 F.R.D. at 614 (same); *Benner v. Saint Paul Pub. Sch., I.S.D. #625*, 407 F. Supp. 3d 819, 824 (D. Minn. 2019) ("However, courts *may* also look to a number of other factors that consider the circumstances of a given case given the absence of a clear test for when a party is diligent enough to establish good cause.") (quotation and citation omitted) (emphasis added).

The Magistrate Judge properly exercised her discretion to assess busSTRUT's good cause by focusing on its diligence.  Because busSTRUT did not act with any diligence, the Magistrate Judge did not clearly err in denying its Motion to Amend.  busSTRUT has fallen far short of demonstrating that the Magistrate Judge's findings were clearly erroneous or contrary to law, and its Objections should be overruled.

## IV.   CONCLUSION

For the foregoing reasons, Target respectfully requests that the Court overrule Plaintiff's Objections to Magistrate Judge's Order Denying Leave to File First Amended Complaint.

Dated:  April 5, 2021                    WINTHROP & WEINSTINE, P.A.


                                         By: *s/ Lisa B. Ellingson*
                                             Matthew R. McBride, #0261981
                                             Quin C. Seiler, #0396699
                                             Lisa B. Ellingson, #0389458

                                         3500 Capella Tower
                                         225 South Sixth Street
                                         Minneapolis, MN  55402
                                         T: (612) 604-6400 │ F: (612) 604-6800
                                         mmcbride@winthrop.com
                                         qseiler@winthrop.com
                                         lellingson@winthrop.com

                                         Attorneys for Defendant Target
                                         Corporation


21460949v4

9

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendant Target Corporation's Memorandum of Law in Opposition to Plaintiff's Objections to Magistrate Judge's Order Denying Leave to File First Amended Complaint was electronically filed this 5th day of April, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing thought the Court's system.

*s/ Lisa B. Ellingson*
Lisa B. Ellingson